UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCELLUS A. GREENE, JR., | ) | Case No. CV 23-00481 DDP (JPR) |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING PETITIONER'S MOTION** |
| v. | ) | **TO RECUSE MAGISTRATE JUDGE** |
| | ) | |
| CALIFORNIA REPLUBLIC, | ) | [Dkt. 8] |
| | ) | |
| Defendants. | ) | |

Presently before the court is Petitioner Marcellus A. Greene's Motion to Disqualify Magistrate Judge Rosenbluth (Dkt. 8.) Having reviewed Petitioner's submission, the court DENIES the motion and adopts the following Order.

The nature of Petitioner's argument is not entirely clear. At this early stage of proceedings, the Magistrate Judge has ordered Respondents to file a response to the petition. (Dkt. 5.) The Magistrate Judge further ordered that any motion to dismiss on procedural grounds shall be filed within thirty days of the Magistrate Judge's order (Dkt. 5). Petitioner appears to suggest that Magistrate Judge Rosenbluth should be recused because that thirty day filing period is a "waste of ink," and because he did not consent to any such schedule. (Mot. at 1.)

1     Under 28 U.S.C. § 455, a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned" and in proceedings in which "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a),(b)(1). The Ninth Circuit has articulated the standard for disqualification under § 455 as follows:

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

    Here, Petitioner has not established that Magistrate Judge Rosenluth's impartiality could reasonably be called into question. Petitioner does not allege that Magistrate Judge Rosenbluth has considered or relied upon any extrajudicial sources. Nor has Petitioner demonstrated that Magistrate Judge Rosenbluth harbors any "deep-seated and unequivocal antagonism" toward him. Id. at 1144-45. Although it appears that Petitioner might prefer a more accelerated briefing schedule, this Court sees no evidence of bias "that would render fair judgment impossible" in this action. Id. at 1145.

Accordingly, Petitioner's Motion to Disqualify Magistrate Judge Rosenbluth is DENIED.

IT IS SO ORDERED.

Dated: February 10, 2023

DEAN D. PREGERSON
United States District Judge

3